UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EDWARD R. VASHEY,

    Plaintiff,

v.                                            CASE NO. 6:16-cv-1509-Orl-37GJK

JUSTICE ORFINGER, et al.,

    Defendants.
_____/

## ORDER

Plaintiff, a prisoner of the State of Florida proceeding *pro se*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1).

### I.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain civil suits brought by prisoners to determine whether the suit should proceed:[1]

    (b)    Ground for Dismissal - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint -

        (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

        (2)    seeks monetary relief from a defendant who is immune from such relief.

---

[1]This review process was implemented in an effort to reduce meritless prisoner litigation. *Green v. Nottingham*, 90 F.3d 415, 417 (10th Cir. 1996); *see* H.R.Rep. No. 104-378, 104th Cong., 1st Sess. 166.

Thus, the Courts are obligated to screen prisoners' civil rights complaints as soon as practicable and to dismiss those actions which are frivolous or malicious or fail to state a claim for relief. 28 U.S.C. § 1915(e). A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cofield v. Alabama Public Service Com'n*, 936 F.2d 512, 515 (11th Cir. 1991); *Prather v. Norman*, 901 F.2d 915 (11th Cir. 1990). Additionally, the Court must read a plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

## II.   ANALYSIS

Plaintiff brought this action against Judges Orfinger, Evander, and Wallis (Doc. 1 at 1-18). Plaintiff contends that Defendants violated his rights to equal protection when they denied his petition for writ of habeas corpus in the state court and issued an order preventing him from filing additional *pro se* documents. *Id.* at 5-10. Plaintiff also alleges that Defendants are seeking to protect the state prosecutors, who committed perjury and/or a fraud upon the state court when they lied in the charging documents. *Id.* at 15. Plaintiff states that he was "unjustly tried and convicted of a second degree felony without there ever being filed [sic] with the trial court any valid or legal information, indictment, or charging document . . . ." *Id.* at 5, 11.

Defendant Judges are entitled to absolute immunity from damages for actions taken while acting in their judicial capacity unless they acted in the clear absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 9-12 (1991); *Manning v. Harper*, 460 F. App'x 872, 876 (11th Cir. 2012). The actions of which Plaintiff complains were taken while

Defendants were acting within their judicial capacity. Plaintiff has not demonstrated that Defendants acted in the clear absence of their jurisdiction. Because Plaintiff has failed to state a viable claim for relief, he cannot proceed with the instant § 1983 action. Thus, the instant case is subject to dismissal.[2]

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED** for failure to state a claim on which relief may be granted.

2. The Clerk of the Court is directed to terminate any pending motions, enter Judgment, and close this case.

**DONE AND ORDERED** in Orlando, Florida this 29th day of August, 2016.



ROY B. DALTON JR.
United States District Judge

Copies to:
OrlP-3 8/29
Edward R. Vashey

---

[2] To the extent Plaintiff is attempting to challenge his state court conviction, he may file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 with the appropriate court.

3